IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CR-00010-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)<br>) |
| v. | )    **ORDER**<br>) |
| LANCE RICHARDSON PAGAN, | )<br>) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the "Motion for Inquiry into Status of Counsel" (document # 26) filed May 18, 2022. The Court held a hearing in this matter on May 20, 2022 with Assistant U.S. Attorney Daniel Ryan, Assistant Federal Defender Taylor Goodnight and Defendant present. A portion of the hearing was held ex parte at the request of defense counsel.

At the outset, the Court expressed concern that this Motion was filed on the same day that District Judge Robert J. Conrad, Jr. issued an Order denying defense counsel's Motion to Continue (Doc. 24). Judge Conrad has scheduled a status conference for May 25, 2022 and docket call for June 6, 2022.

According to Ms. Goodnight, problems with the attorney-client relationship began as far back as March of this year. She credibly represents that she and co-counsel Nicole Lybrand as well as their paralegal have been meeting with Defendant in the jail. Now Defendant refuses to meet or speak with her. In response to the Court's question about the timing of this Motion, Ms.

Goodnight represents that the Motion would have been forthcoming regardless of Judge Conrad's decision on the Motion to Continue.

During the course of the hearing, Defendant asked to represent himself. The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

The Court engaged in a colloquy with Defendant to determine whether his decision to waive counsel was made knowingly, intelligently and voluntarily. The Court explained that the presiding judge and the Government cannot give Defendant any legal advice or assistance at trial and that he must follow the same rules of evidence and procedure as an attorney practicing before this Court.

Defendant is fifty-two years old and has completed the ninth grade. He describes his ability to read and write as "so-so." He denies being under the influence of any alcohol or drugs. He is taking prescription medications Celexa and Topamax for "anger." Defendant was previously evaluated for competency in previous case, 3:13-cr-258. The examiner concluded that he was competent to proceed. He was diagnosed with alcohol and cocaine abuse disorders as well as an anti-social personality disorder at that time. (See Doc. 146). In response to the Court's question about being held to the same standards as a lawyer during trial, he laughed and said he knows "object." Defendant is charged in a seven count Indictment here. Five of the charges carry mandatory minimum sentences upon conviction. The Government has noticed sentencing

enhancements for five of the counts based upon Defendant's prior record. He is facing significant exposure if convicted. Given the June 6 docket call, his request is not timely. Based upon the foregoing, the Court cannot conclude that Defendant is making a knowing and intelligent waiver of his right to counsel and DENIES his oral motion to represent himself.

The Court also DENIES defense counsel's Motion to be removed as appointed counsel. The Motion was filed on the same day the District Judge denied a Motion to Continue and approximately sixty days after problems reportedly surfaced between Defendant and counsel. During the ex parte portion of this hearing, the Court found Defendant's rationale for wanting new counsel to be completely lacking in credibility. Finally, the Court is satisfied that appointed counsel is providing effective representation.

The Clerk is directed to send copies of this Order to counsel for the Government, defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: May 23, 2022

_____
David S. Cayer
United States Magistrate Judge