IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-CR-10-RJC-DSC

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LANCE RICHARDSON PAGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Inquiry of Counsel," (doc. 52) filed September 1, 2022 and Defendant's pro se letter (doc. 54) filed on September 6, 2022.

The Court held a hearing in this matter on September 13, 2022 with appointed counsel Lucky Osho representing Defendant. Defendant stated that he wanted to waive his right to counsel and represent himself. The Court denied his previous request to represent himself. (Order at doc. 34). The Court conducted a new hearing in accordance with Faretta v. California, 422 U.S. 806, 819 (1975).

The United States Supreme Court held in Faretta, that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

Defendant is fifty-two years old. He is able to hear and understand the proceedings. He suffers from headaches and back pain. He is taking prescribed medications Celexa and Topamax. Defendant is not under the influence of any illegal drugs or alcohol. He has completed the ninth grade and denies any difficulty with reading or writing. According to the Pretrial Report (doc. 5) his most recent employment was detailing cars approximately nine years ago.

In response to the Court's questions, Defendant understands his right to counsel. He also understands that the Court cannot provide him with legal advice and he will be required to follow the law, rules of evidence and procedure as if he were an attorney. The Assistant U.S. Attorney recited the charges as well as the maximum and minimum penalties. Defendant understands the charges and maximum and minimum penalties.

In contrast to the previous <u>Faretta</u> hearing, Defendant's answers to the Court's questions and his statements during the hearing today indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore, Defendant's request to represent himself is **GRANTED**.

The Court also addressed whether or not to appoint standby counsel. Defendant opposes appointment of standby counsel. The Fourth Circuit has held that "[a]lthough a court may, in its discretion, allow attorney participation [as standby counsel], the Constitution does not mandate it." <u>U.S. v. Stewart</u>, 129 F. App'x 758, 765 (4th Cir. 2005) (quoting <u>U.S. v. Singleton</u>, 107 F.3d 1091, 1097 n.2, 1100 (4th Cir. 1997)). <u>See also</u> <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 184 (1984) ("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby

counsel-even over the defendant's objection-to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense."). Given the totality of the circumstances and in an abundance of caution, the Court directs the Federal Defender to appoint standby counsel for Defendant.

The Clerk is directed to send copies of this Order to the pro se Defendant, counsel for the Government, the Federal Defender, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: September 13, 2022

David S. Cayer
United States Magistrate Judge