IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CR-00010-RJC-DSC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LANCE RICHARDSON PAGAN | ) |
| | ) |

**THIS MATTER** is before the Court upon the defendant's pro se Motion Tampering with Evidence received and docketed on October 6, 2022,[1] (Doc. No. 83), and Motions to Dismiss, (Doc. Nos. 88, 91), received and docketed on October 31 and November 8, 2022, respectively.

The defendant proceeded to jury trial on October 3, 2022, on charges related to drug distribution and firearms possession. (Doc. No. 17: Superseding Indictment). The jury returned unanimous verdicts finding the defendant guilty of possession with intent to distribute cocaine and cocaine base (Count Five) and possessing firearms as a felon (Count Seven), but did not reach unanimous verdicts on the remaining five counts involving alleged conspiracy and methamphetamine transactions. (Doc. No. 74: Verdict). After the Court declared a mistrial on the five unresolved counts, the government moved to dismiss them, electing to proceed to sentencing on the two counts with convictions. (Doc. No. 79: Motion; Doc. No. 84: Order).

---

[1] The defendant waived his right to counsel on September 13, 2022.

In the instant motions, the defendant challenges the credibility of Trevoris Hope who testified that he bought crack from and sold it to the defendant and later bought methamphetamine from him as a confidential informant. Under Rule 29(c) of the Federal Rules of Criminal Procedure 29, a guilty verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence," that is, evidence which a reasonable finder of fact could accept as adequate to support the defendant's guilt beyond a reasonable doubt. United States v. Burfoot, 899 F.3d 326, 334 (4th Cir. 2018). Under Rule 33, a new trial can be ordered if required in the interest of justice, but "a jury verdict is not to be overturned except in the rare circumstance where the evidence weighs heavily against it." Id. at 340 (internal quotation marks omitted).

The defendant is not entitled to dismissal under Rule 29 because the Court is obligated to view Hope's testimony in light most favorable to the government. Under Rule 33 a new trial would not be in the interest of justice because Hope's testimony centered on the alleged conspiracy and methamphetamine transactions between April and June 2021 that were the subject of the counts on which the jury was hung. His testimony about previously seeing the defendant with a particular pistol was supported by other evidence of the defendant's possession of that gun, plus two others, at a residence on January 12, 2022.

The defendant also claims the seized drugs were tampered with when they were retested. Again, the defendant had the opportunity to cross-examine the witnesses in the chain of custody. A chemist testified the methamphetamine was

2

sent back to the lab to determine its purity, which was not done when it was first examined. The methamphetamine at issue related the counts on which the jury was hung; accordingly, the defendant is not entitled to dismissal or a new trial.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion Tampering with Evidence, (Doc. No. 83), and Motions to Dismiss, (Doc. No. 88, 91), are **DENIED**.

Signed: November 15, 2022

Robert J. Conrad, Jr.
United States District Judge